MORRIS ROTHBART, Respondent, *v.* STAR WET WASH LAUNDRY Co., INC., and Others, Appellants.

First Department, January 24, 1919.

Corporations — stockholder cannot sue under sections 90 and 91 of General Corporation Law — pleading — complaint not stating representative action by stockholder.

A stockholder who is not a director of a corporation cannot bring an action under sections 90 and 91 of the General Corporation Law to compel directors to return alleged unlawful profits and for an injunction against the payment of their salaries and to obtain their removal from office, etc.

An action under said sections only lies when the plaintiff is a director at the time of the commencement of the action, which fact he should allege specifically, or by an allegation of other facts which by necessary inference will show him to be such.

Such action cannot be maintained as a representative stockholder's action where it does not purport to be such, or it is not stated in the complaint that the action is brought for the plaintiff and others who may come in and contribute to the action.

APPEAL by the defendants, Star Wet Wash Laundry Co., Inc., and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of September, 1918, granting plaintiff's motion for judgment on the pleadings and overruling the demurrer to the amended complaint.

*Fraser P. Price* of counsel [*Pompan & Lippman,* attorneys], for the appellants.

*Joseph Goldfein* of counsel [*Goldfein & Weltfisch,* attorneys], for the respondent.

SMITH, J.:

An examination of the complaint fails to disclose just in what capacity this plaintiff sought to bring the action. Plaintiff was a stockholder in the defendant corporation and brings an action against the corporation and against two persons who are alleged to be in control of the corporation as directors thereof, to have misapplied the funds, taken excessive salaries and otherwise absorbed the profits of the corporation unlawfully. The relief demanded is for an

injunction against the payment to these people of salaries and that account be taken of their actions as officers and directors, that they be charged with all moneys they have wrongfully appropriated and be required to account for the same ratably to the stockholders and to the defendant corporation and that they be removed from office and other general relief.

It is claimed by the plaintiff that this action can be maintained either under sections 90 and 91 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28) or as an action by a stockholder in a representative capacity. The action cannot be maintained under sections 90 and 91 of the General Corporation Law unless the plaintiff be a director at the time of the bringing of the action. This is not alleged. It is true that it is alleged that he was named a director in 1913, but it is alleged that there have since been elections of directors and in 1917 the defendant Schreiber obtained control of the corporation and elected officers and directors and excluded plaintiff from all knowledge of what transpired in the corporation. If we must depend upon inference, that inference would seem to be that the plaintiff had been ousted as director of the corporation before the commencement of this action. In any event the plaintiff should allege specifically that he was a director at the time of the commencement of the action in order to maintain the action under those sections, or should allege other facts which by necessary inference would show him to be such. Neither of those has been alleged.

Plaintiff also claims that this action may be maintained as a representative stockholder's action. I think the allegation of his ownership of stock would lead to the presumption that he still maintains his ownership of that stock, but the action does not purport to be a representative action. There is no such position assumed in the title of the action. There is no statement in the complaint that this action is brought for himself and others who might come in and contribute to the action. The relief prayed for is that the defendants account ratably to the stockholders and to the defendant corporation for their wrongful acts. Just what the plaintiff means by that I am unable to say, but clearly the action does not contain sufficient allegations to support the action

as one brought by an individual stockholder in his representative capacity for the restoration to the corporation of money wrongfully diverted therefrom.

The order must, therefore, be reversed, with ten dollars costs and disbursements, and the motion of the plaintiff for judgment on the pleadings must be denied and the demurrers to the complaint sustained, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days from the service of copy of this order and notice of entry upon payment of the costs herein allowed.

DOWLING, PAGE and SHEARN, JJ., concurred; LAUGHLIN, J., concurred in result.

Order reversed, with ten dollars costs and disbursements, and plaintiff's motion denied and the demurrers sustained, with ten dollars costs, with leave to plaintiff to ·amend on payment of costs.