George Starke, J.
Plaintiff is suing for the alleged breach of an employment agreement and on certain promissory notes. In the fifth cause of action the corporate president is charged with alleged wasting of assets, misconduct and breach of fiduciary duty, and the recovery sought is that he account and make restitution to the corporate defendant (of which the president is the sole stockholder).
The president now moves to dismiss the fifth cause of action as to him on the grounds that at the time of bringing this action plaintiff was not a stockholder nor an officer or director of the corporate defendant. Plaintiff does not seriously deny that to be a fact. But claims that having been an officer when the alleged misconduct, waste and breach of duty occurred, he had status to press the fifth cause of action. Concededly, plaintiff was not a stockholder when the alleged wrongful conduct set forth in the fifth cause of action commenced. Hence, plaintiff may not sue derivatively under section 626 of the Business Corporation Law.
Section 720 of the Business Corporation Law permits an action such as plaintiff’s fifth cause of action, but by an officer or director (among others not pertinent here). The cause of action is original (not derivative) and sanctioned by statute (Conant v. Schnall, 33 A D 2d 326).
Plaintiff was an officer when the alleged wrongful waste took place, but was removed from office months before this action was instituted. May he then process this suit? A leading text commentator writes:
‘ ‘ Case law under Section 61 of the General Corporation Law has established a number of procedural rules governing actions which today could be brought under B.C.L. 720. These include the following:
“ (1) The director-plaintiff must occupy his office when the action is brought.” (3 White, New York Corporations, p. 274.)
Judicial fiat stamped its approval of this unction in Rothbart v. Star Wet Wash Laundry Co. (185 App. Div. 807, 808) wherein it was held: “In any event the plaintiff should allege specifically that he was a director at the time of the commencement of the action”.
Since 1924 the courts of this State have held consistently that: “ while a director’s right to bring the action does not exist after he had been defeated for re-election, the cause of action survives because it is brought for the benefit of the corporation; in other *352 words, the action, once properly instituted, may not be defeated by the circumstances that the plaintiff loses, or is ousted from his directorship.” (Tenney v. Rosenthal, 6 N Y 2d 204, 208.)
Consequently, since plaintiff was not an officer when the action was instituted, nor a stockholder when the alleged misfeasance took place, he has no status to sue under sections 720 or 626 of the Business Corporation Law. Partial summary judgment dismissing the fifth cause of action is granted.